IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS TRUVER, as the Executor of the Estate of THEODORE O. TRUVER,<br><br>Plaintiff's deceased,<br><br>-against-<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff's deceased, DOUGLAS TRUVER, as the Executor of the Estate of THEODORE O. TRUVER, brings this action, pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for the acts of negligence and professional malpractice in connection with the medical care provided to Plaintiff's deceased's deceased by the Defendant, UNITED STATES OF AMERICA through its Department of Veterans Affairs, at the Buffalo Veterans Administration Medical Center in Buffalo, New York.

2. The claims herein are brought against the Defendant for compensatory damages as result of the personal injuries caused by the Defendant's negligence.

3. Plaintiff's deceased has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act through submitting a completed Standard Form 95 with the Defendant on June 21, 2017, attached hereto as **"Exhibit A"**.

4. This suit has been timely filed, in that the Plaintiff's deceased has timely served notice of his claim on Department of Veterans Affairs less than two years after the incident forming the basis of this action.

1

5.Plaintiff's deceased is now commencing this action pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Veterans Affairs' administrative tort claim failed to take any action thereon.

**PARTIES, JURISDICTION, AND VENUE**

6.Plaintiff's deceased, THEODORE O. TRUVER, was a citizen of the State of New York at all times mentioned hereinafter.

7.Plaintiff's deceased THEODORE O. TRUVER passed away on August 23, 2015.

8.Douglas Truver was granted letters testamentary in the Estate of THEODORE O. TRUVER on February 22, 2017, by the Surrogate of Chautauqua County in the State of New York.

9.Plaintiff's deceased, THEODORE O. TRUVER, was a veteran of the armed services of the United States, at all times mentioned hereinafter.

10.Defendant, UNITED STATES OF AMERICA's Department of Veterans Affairs (hereinafter "VA"), operates the Buffalo Veterans Administration Medical Center located at 3495 Bailey Avenue, Buffalo, New York.

11.As part of its operation of the Buffalo Veterans Administration Medical Center, the Defendant provides clinical services for the evaluation, care and treatment of veterans.

12.Defendant, UNITED STATES OF AMERICA, through the VA's directors, officers, operators, administrators, employees, agents, and staff at the Buffalo Veterans Administration Medical Center are hereinafter collectively referred to as the "Buffalo VA Medical Center".

13.At all times relevant to this Complaint, the Defendant's Buffalo VA Medical Center held itself out to the public, and more particularly to the Plaintiff's deceased, as a

2

provider of high quality health care services, with the expertise necessary to maintain, evaluate, care for, and treat the health concerns and safety of patients similarly situated as was the Plaintiff's deceased, and, upon information and belief, has particularly established that it embodies the acronym: "iCARE"-- Integrity, Commitment, Advocacy, Respect, Excellence.

14. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant, and in particular its physicians, physicians assistants, and pharmacists.

15. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under the doctrine of *respondeat superior*.

16. This is a claim for damages in excess of $75,000.00, exclusive of interest and costs.

17. Jurisdiction is conferred upon this Court under 28 U.S.C. §1346(b).

18. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the laid in the Northern District of New York.

## FACTUAL ALLEGATIONS

19. The Plaintiff's decedent, THEODORE O. TRUVER, was admitted to the Buffalo VA Medical Center on July 13, 2015, an elective repair of an abdominal aortic aneurysm.

20. On July 14, 2015, the repair was performed by Dawn M. Olsen, D.O., a resident, who was performing the procedure under the direction of a vascular surgeon, Hasan Dosluoglu, M.D., believed to be an attending physician and/or employee of the

3

Buffalo VA Medical Center believed to be an attending physician credentialed by the Buffalo VA and/or employee of the Buffalo VA Center.

21. Following the procedure the Plaintiff's decedent, Theodore O. Truver, experienced symptoms of a small bowel obstruction on July 22, 2015, which was post-op day number eight.

22. On July 24, 2015, post-op day no. 10, a second procedure was performed by Timothy Shaffier, MD, and John Przylucki, MD, both believed to be physicians either who were credentialed by and/or were employees of the Buffalo VA.

23. At that time it discovered that there was a suture in the bowel, resulting in peritonitis.

24. During the procedure on July 24, 2015, the said physicians performed a resection of the bowel with the removal of a 3.5 cm section and 8.0 cm section, one of which sections contained the suture.

25. Following the procedure, and while he was in the Intensive Care Unit following the procedure, the Plaintiff's decedent Theodore O. Truver experienced consequential ICU delirium, and required intubation through August 5, 2015.

26. Thereafter, the Plaintiff's decedent

27. The plaintiff's decedent developed aspiration pneumonia and sepsis.

28. As a result of the Plaintiff's decedent's condition, THEODORE O. TRUVER was placed into hospice care.

29. The plaintiff's decedent was transferred from the Buffalo VA Medical Center to a nursing facility located in Cattaraugus, New York, where he succumbed on August 23, 2015.

30. The cause of death was an acute myocardial infarction, likely related to the secondary cause of sepsis related to the infection sustained as a result of the sutured bowel.

31. As result of the negligence of its employees in rendering treatment and in dispensing the said medication, the Buffalo VA Medical Center and due to the renal injury, the Plaintiff's deceased was rendered sick, sore, disabled and unresponsive.

32. As a result of the consequential sepsis, the Plaintiff's deceased passed away.

## CAUSE OF ACTION

### AS AND FOR A CAUSE OF ACTION AGAINST THE DEFENDANTS, THE EXECUTOR OF THE ESTATE OF THEODORE O. TRUVER ALLEGES:

33. Plaintiff's deceased, THEODORE O. TRUVER, repeats and realleges each and every allegation hereinabove as if fully set forth hereinafter.

34. The Defendants had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendants represented to the community at large.

35. The Defendant breached their duty of care to the Plaintiff's deceased in the following:

    a. permitting an untrained resident to perform the initial procedure;

    b. failing to adequately supervise the procedure on July 14, 2015;

    c. causing a suture to be placed into the bowel of the Plaintiff's deceased in the course of performing the repair of the aneurysm;

    d. failing to take adequate steps to examine the bowel prior to closure;

  e. closing the abdomen while a defect in the bowel was caused by the placement of the suture;

  f. exposing the Plaintiff's deceased to risk of infection and sepsis by causing the suture in the bowel of the Plaintiff's deceased;

  g. exposing the Plaintiff's deceased to the risks of a further surgery, including but not limited to the risks of anesthesia, compromised physical condition, and convalescence;

  h. failing to promptly diagnose the condition of the Plaintiff's deceased, THEODORE O. TRUVER, following the surgery of July 14, 2015,

  i. Being otherwise negligent in the premises.

36. At all times relevant to this Complaint, the Defendant had a duty to employ competent healthcare providers, administrators, employees, agents and staff in order to meet its standards of quality of care for its patients, including the Plaintiff's deceased.

37. The Defendants knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for the Plaintiff's deceased that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendants presented to the community at large.

38. The Defendants further breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

39. The Defendants had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including the Plaintiff's deceased.

40. The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and/or staff.

41. As a direct and proximate result of Defendants' negligence, the Plaintiff's deceased sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and he was forced to endure pain, suffering, and ultimately death.

42. The acts and/or omissions set forth above would constitute a claim under the laws of the State of New York.

43. Further, at all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff were employed by and/or acting on behalf of the Defendant.

44. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

45. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to the Plaintiff's deceased, including both acts of omission and acts of commission.

46. As a direct and proximate result of Defendant's negligence and the negligence of its employees, agents and/or servants, the Plaintiff's deceased had sustained serious and permanent personal injuries; he had incurred medical expenses, and other damages, he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering

and mental anguish in the future; and he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future..

47. Upon information and belief the Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff's deceased, THEODORE O. TRUVER, respectfully requests that this Court grant the following relief:

a. Grant judgment in favor of the Plaintiff's deceased, THEODORE O. TRUVER, and against the Defendant, UNITED STATES OF AMERICA, in this Cause of Action;

b. Award Plaintiff's deceased damages in the amount of $500,000.00, along with pre-and post-judgment interest as allowed by law; and

c. Award Plaintiff's deceased costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity as to this Court may seem just and proper.

Dated: June 9, 2020
Albany, New York

Respectfully Submitted,

HERZOG LAW FIRM P.C.

By: /s/ Daniel J. Persing
Daniel J. Persing (Bar Roll No. 506307)

Attorneys for Plaintiff
7 Southwoods Boulevard
Albany, New York 12211
Tel: (518) 465-7581
Fax: (518) 462-2743
Email: dpersing@herzoglaw.com

# CERTIFICATE OF MERIT

STATE OF NEW YORK            }
                             } ss:
COUNTY OF ALBANY             }

I, DANIEL J. PERSING, attorney for DOUGLAS TRUVER as the Administrator of the Estate of Theodore O. Truver, that I am relying on the doctrine of *res ipsa loquitur* and, for that reason, plus reason that this action is not an action governed by the procedural laws of the State of New York, I am not filing a certificate required under CPLR 3012-a.

Dated: June 9, 2020

*Daniel J. Persing*
Daniel J. Persing, Esq.
Bar Roll No. 506307